UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN MARIE COCCO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-04604 |
| WD SERVICES, LLC d/b/a NESMETAJU, LLC d/b/a YOUGETFUNDED.COM, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes KATHLEEN MARIE COCCO ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of WD SERVICES LLC d/b/a NESMETAJU LLC d/b/a YOUGETFUNDED.COM ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant contacts within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a 32-year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant is involved in the payday loan business from its principal place of business located at 1712 Pioneer Avenue, Suite 135, Cheyenne, Wyoming. Defendant goes by a variety of fictitious names when it engages in solicitation activity upon consumers throughout the United States, including in Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In approximately May 2016, Plaintiff began receiving calls to her cellular phone, (586) XXX-0826, from Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0826. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Defendant has used a variety of phone numbers when contacting Plaintiff, including but not limited to: (855) 999-8511, (855) 636-9787, (855) 316-1312, and (855) 217-9878. *See* Exhibit A.

11. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

12. When Plaintiff answers Defendant's phone calls, she experiences a pre-recorded message, notifying her that she is approved for a payday loan. *Id.*

13. Plaintiff is unaware as to what Defendant is, as she does not have any relationship with it. Upon belief, Defendant has been calling Plaintiff's cellular phone attempting to reach a different individual. *Id.*

14. Defendant's pre-recorded message also gives Plaintiff the option to opt-out of receiving its phone calls. Plaintiff has selected this prompt on a number of occasions, and has also demanded that Defendant stop calling her. *Id.*

15. Despite Plaintiff's demands that it stop contacting her, Defendant continued to regularly call her cellular phone up until the end of 2016. *Id.*

16. Defendant has also called Plaintiff's cellular phone multiple times during the same day, with its calls often ringing within seconds of one another. *Id.*

17. Plaintiff has received at least 23 phone calls from Defendant since demanding that it stop contacting her. *Id.*

18. In addition to placing an incessant amount of phone calls, Defendant has also sent Plaintiff numerous text messages, even after being informed to stop contacting her. *Id.*

19. Frustrated over the persistent phone calls and text messages, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

20. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $69.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

21. Plaintiff has been unfairly harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The recorded message that Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. In addition, Defendant's capability of making mass text messages without human intervention points to the involvement of an ATDS. Similarly, the frequency and nature of Defendant's calls, including phone calls being placed within seconds of one antoher, are indicative of an ATDS.

26. Defendant violated the TCPA by placing at least 23 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff does not have any relationship with Defendant, so it never had consent to call her cellular phone in the first place. Any consent Plaintiff

*may* have given to Defendant was explicitly revoked by her multiple demands to cease contact, as well as her efforts to opt-out using Defendant's prompts.

27. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was made aware of Plaintiff's wishes a handful of times, yet, in defiance of her demands, it continued to knowingly and intentionally place calls and text messages to her cellular phone.

WHEREFORE, Plaintiff, KATHLEEN MARIE COCCO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

31. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

32. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

33. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Plaintiff notified Defendant that she was not interested in its services and to stop calling her. Plaintiff even opted out of receiving Defendant's phone calls by following its prompts in its pre-recorded calls.

34. In defiance of the law, Defendant continued its unfair conduct of harassing Plaintiff. Defendant ignored Plaintiff's numerous requests and unfairly continued to systematically contact her at least 23 times after thereafter. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and apply for Defendant's payday loan services.

35. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing multiple calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

36. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

37. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

38. As pled in paragraphs 17 through 22, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices, including expending money on a monthly application subscription on her cellular phone in an attempt to block its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was informed on a number of occasions that Plaintiff was not interested in its services and to stop calling her, but yet, it continued its unfair and deceptive behavior in an attempt to harass Plaintiff into submission. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, KATHLEEN MARIE COCCO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 15, 2017                                            Respectfully submitted,

s/ Nathan C. Volheim                                            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                           Counsel for Plaintiff
Admitted in the Northern District of Illinois                   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                        Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                                  900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                       Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                     (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        thatz@sulaimanlaw.com